# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-0990V

L.M.,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: June 4, 2026

*Glen Howard Sturtevant, Jr., Rawls Law Group (Richmond), Richmond, VA, for Petitioner.*

*James Connor Daughton, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 28, 2023, L.M. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination she received on August 13, 2020. Petition, ECF No. 1. On February 11, 2026, I issued a

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 43.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $39,192.64 (representing $36,970.90 in fees plus $2,146.74 in costs). Petition for Reimbursement of Attorneys' Fees and Costs ("Motion") filed February 27, 2026, ECF No. 48. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 48-3.

Respondent reacted to the motion on March 12, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondents' Response to Motion at ECF No. 51. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for attorney work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Petitioner has requested the hourly rate of $497.00 for 2026 work performed by attorney Glen Sturtevant, Jr., representing a rate increase of $28.00 from the previous year. I find the proposed rate increase to be reasonable and it is therefore awarded herein.

Regarding the time billed, I note this case required additional briefing regarding an order to show cause. *See* Petitioner's Response to Order to Show Cause, filed Nov. 8, 2024, ECF No. 26; additional Petitioner's Response to Order Show Cause, filed Jan. 17, 2025, ECF No. 29; Petitioner's Response to Respondent's Supplemental Brief, filed May 21, 2025, ECF No. 36; Petitioner's counsel expended approximately 6.0 hours drafting the initial response, 10.5 hours drafting the additional response, and 5.8 hours drafting the responsive brief, for a combined total of 22.3 hours. ECF No. 48-1 at 18-22. I find this amount of time to be reasonable and will award the attorney's fees requested.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 48-2 at 1-23. I find the requested costs to be reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $39,192.64 (representing $36,970.90 in fees plus $2,146.74 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt**

2

**disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.